UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALEXANDER C. GATZIMOS, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs*. | ) | 1:04-cv-00740-LJM-JMS |
| | ) | |
| MICHAEL GARRETT, *et al.*, | ) | |
|    *Defendants*. | ) | |
| | ) | |

## ORDER

This case arises from an undercover operation in which Defendants Morris and Yordy pretended to be patients seeking prescription of certain controlled substances by Dr. Gatzimos. Criminal and medical licensing proceedings were instituted, but terminated in Dr. Gatzimos' favor. The criminal case was dismissed, and the state's Medical Licensing Board denied the State of Indiana's emergency request to have Dr. Gatzimos' license suspended after a hearing on the merits. The Court previously took under advisement Plaintiff's attempt to obtain the medical records of Defendants Morris and Yordy. [*See* dkt. 103.] The Court has now reviewed the additional materials that the Court ordered submitted. [*See id.*]

With respect to Defendant Morris, the Court finds that his medical history is relevant—given the broad definition of the term at the discovery stage, *see Cunningham v. SmithKline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) ("For discovery purposes, relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." (quotation and alteration omitted)). At the probable cause hearing in April 2002, the State solicited testimony that there was "nothing physically wrong with [Defendant Morris]" when Dr. Gatzimos prescribed him hydrocodone. [Dkt. 101-2 at 40 (quotation omitted).] If that statement were knowingly or

recklessly false, that fact would bear on the validity of the arrest warrant for Dr. Gatzimos.  *See, e.g.*, *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003) ("[A] warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." (citations omitted)).  Dr. Gatzimos contends—based upon the medical tests that he performed at the time—that Defendant Morris may suffer from diabetic neuropathy, making the hydrocodone treatment medically reasonable.  The Indiana Medical Licensing Board evidently thought so too.  [*See* Hearing Transcript at 216.]  Determining Morris' actual medical condition—and what he knew about it—at the time of the probable cause hearing potentially bears upon whether he conspired to have Dr. Gatzimos arrested in violation of the Fourth Amendment, as Dr. Gatzimos alleges [dkt. 1 at Count III].

Dr. Gatzimos' request for Defendant Morris' medical records from January 1, 1999 all the way up to the present, however, exceed acceptable discovery.  It is true that a diabetes diagnosis in 2009 would be "relevant" for discovery purposes, by showing that Dr. Gatzimos was correct about Defendant Morris' underlying medical condition.  But, the probative value of that more recent information would be far outweighed by the intrusion into Defendant Morris' privacy interests in his medical records, a privacy interest that Congress has recognized, *see, e.g.*, Health Insurance Portability and Accountability Act of 1996, P.L. 104-91, §264(c) (directing the Department of Health and Human Services to institute rulemaking procedures to protect the privacy of medical records).  As such, the Court limits the discoverability of Defendant Morris' information from January 1, 1999 (the beginning date that Dr. Gatzimos selected) to May 2, 2002 (the date of the hearing before the Indiana Medical Licensing Board).  Thus, Defendant

Morris' objections to Request for Production 2 are **OVERRULED IN PART AND SUSTAINED IN PART**.[1]

Turning to Defendant Yordy, Dr. Gatzimos makes no similar argument concerning the specific relevance of her actual medical condition. She presented to him with complaints of a sleep problem, and asked him for diet pills. He refused, prescribing instead Ritalin, and she reported the treatment as effective (although of course she never took the medication). The propriety of that prescription is all that was at issue in the state criminal and licensing proceedings. Based on the information presented to the Court, Dr. Gatzimos did not conduct any medical tests on her, but determined his course of treatment based upon the oral statements that she made to him. Indeed, the actual state of her health was not put into evidence at the probable cause hearing. The Court therefore will not speculate as to what relevant information her medical records may contain, and in any event finds that any potential relevance is outweighed by the intrusion upon her medical privacy, which makes those records non-discoverable, *see* Fed. R. Civ. Pro. 26(b)(2)(C)(iii). The Court **SUSTAINS** Defendant Yordy's relevancy objection to Dr. Gatzimos' Request for Production 3.[2]

#### CONCLUSION

Defendant Morris shall provide Dr. Gatzimos his medical records from his primary care physician (or an authorization for their release) within **seven days**, limited to the period between

---

[1] That Request reads as follows: "Please provide any and all medical records relating to the treatment of Michael Morris from any and all primary care physicians from January 1, 1999 to the present. You may satisfy this request by executing the attached release form for each family physician."

[2] That Request reads as follows: "Please provide any and all medical records relating to the treatment of Gretchen Yordy from any and all primary care physicians from January 1, 1999 to the present. You may satisfy this request by executing the attached release form for each family physician."

January 1, 1999 and May 2, 2002.  Defendant Yordy is relieved of any obligation to provide any of her medical records.

12/08/2009

_____
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF:**

Samuel Mark Adams
MICHAEL K. SUTHERLIN AND ASSOCIATES
msutherlin@gmail.com

Akia  Haynes
INDIANA OFFICE OF THE ATTORNEY GENERAL
akia.haynes@atg.in.gov

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com